UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:15-cv-21441-Williams/Simonton

**MIRNA LETICIA GARCIA LOPEZ**,

        *Plaintiff,*

vs.

**SABOR LATINO RESTAURANT CORP.,
NICOLAS H. RUIZ,
FACTO RUIZ,
NORMA E. MARAZZI,**

        *Defendants.*
_____/

**DEFENDANTS, SABOR LATINO RESTAURANT CORP.'S, NICOLAS H. RUIZ', FACTO RUIZ', & NORMA E. MARAZZI'S,
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

    Defendants, Sabor Latino Restaurant Corp. (hereinafter individually referred to as "Restaurant"), NICOLAS H. RUIZ (hereinafter individually referred to as "NHR"), FACTO RUIZ (hereinafter individually referred to as "FR"), and NORMA E. MARAZZI (hereinafter individually referred to as "NEM") (all Defendants shall hereinafter be collectively referred to as "Defendants"), by and through their undersigned counsel, hereby files their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, MIRNA LETICIA GARCIA LOPEZ (hereinafter referred to as "Plaintiff") with the following paragraphs numbered to correspond to the paragraphs in the Complaint. All allegations contained in the Complaint that are not expressly admitted are hereby denied.

<u>**ANSWER**</u>

1. Defendants admit that Plaintiff brings this claim under the Fair Labor Standards Act 29 U.S.C. §§ 201-216; however, deny that Plaintiff has any basis in law or fact to

support such claims. Defendants deny the remainder of Paragraph 1 of Plaintiff's Complaint.

2. Defendants are without knowledge and therefore deny.

3. Defendants admit that Defendant, Restaurant, transacts business solely and exclusively within Miami-Dade County, Florida, however, deny the remainder of Paragraph 3 of Plaintiff's complaint, including, but not limited to any allegation that Defendant, Restaurant, was a "FLSA employer" or that during any and all material and relevant times hereto was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. §203(s).

4. Denied.

5. Denied.

6. Denied.

7. Denied.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

8. Defendants admit that Plaintiff brings this claim under the laws of the "United States" and under 29 U.S.C. §216(b) for unpaid overtime compensation and other relief under the Fair Labor Standards Act; however, deny that Plaintiff has any basis in law or fact to support such claims. Defendants deny the remainder of Paragraph 8 of Plaintiff's Complaint.

9. Denied.

10. With respect to Paragraph 10 of Plaintiff's Complaint, Defendants state that the statute and/or interpreting regulations cited to therein speak for themselves.

11. Denied.

12. Denied.

13. Denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied

20. Denied.

**WHEREFORE**, Defendants further deny that Plaintiff is entitled to or should otherwise be accorded judgment and/or relief, of any kind or type, against them in this matter. Defendants otherwise deny any remaining assertion in Plaintiff's prayer for relief. Defendants further request that this Court find in their favor and award them any and all costs of defending themselves in this action, including, but not limited to, court costs, expenses and attorney's fees.

## COUNT II – FEDERAL MINIMUM WAGE VIOLATION

Defendants incorporate by reference the defenses contained in paragraphs 1 through 20 of this Answer.

21. With respect to Paragraph 10 of Plaintiff's Complaint, Defendants state that the statute and/or interpreting regulations cited to therein speak for themselves.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**WHEREFORE**, Defendants further deny that Plaintiff is entitled to or should otherwise be accorded judgment and/or relief, of any kind or type, against them in this matter. Defendants otherwise deny any remaining assertion in Plaintiff's prayer for relief. Defendants further request that this Court find in their favor and award them any and all costs of defending themselves in this action, including, but not limited to, court costs, expenses and attorney's fees.

## FIRST AFFIRMATIVE DEFENSE

Part of Plaintiff's claims are barred by the applicable Statute of Limitations of two (2) years or three (3) years assuming arguendo any of the Defendants acted willfully and intentionally.

## SECOND AFFIRMATIVE DEFENSE

Part of Plaintiff's claims are barred because Plaintiff has refused or failed to account for the fact that she was a tipped employee; thus, entitling Defendants to a Tip Credit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands given Plaintiff's residency status in the United States of America.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto* given Plaintiff's residency status in the United States of America; as such, the law should leave the parties where it finds them.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed to the extent that any amounts claimed by Plaintiff must be set off or reduced by any wages, compensation, benefits, and/or income,

from any source, which Plaintiff earned or could have earned or received with the exercise of due diligence on her part since the cessation of her employment with Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because neither of the Defendants are an enterprise engaged in the production of goods for commerce.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because neither of the Defendants are subject to the Fair Labor Standards Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed to the extent that she has failed to properly mitigate her damages.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer and to amend or add defenses that may become known after the filing of this pleading.

## DEMAND FOR JURY TRIAL

Defendants requests a trial by jury and all issues triable by jury.

## CERTIFICATE OF SERVICE

**I Hereby Certify** that on May 14, 2015 I electronically filed undersigned counsel's ANSWER & AFFIRMATIVE DEFENSES on behalf of Defendants, SABOR LATINO RESTAURANT CORP., NICOLAS H. RUIZ, FACTO RUIZ, and NORMA E. MARAZZI, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records via transmission of Notices of Electronic Filing generated by CM/ECF to: J.H. Zidell, P.A., J.H. Zidell, Esq., 300 71rst Street, Suite 605, Miami Beach, FL 33141; zabogado@aol.com.

Respectfully submitted,

**ALBERT E. ACUÑA, P.A.**

782 N.W. 42nd Avenue, Suite 343
Miami, Florida 33126
Tel.: (305) 548-5020
Fax: (305) 424-9284

By: /s/ Albert E. Acuña
Albert E. Acuña, Esq.
Florida Bar No. 545791
AEAcuna@aeapalaw.com